### UNITED STATES v. ONE 1941 FORD SEDAN.

Civil Action No. 384.

District Court, S. D. Texas, Brownsville Division.

April 9, 1946.

Brian S. Odem, U. S. Atty., of Houston, Tex., and Chas. C. Bowie, Asst. U. S. Atty., of Brownsville, Texas, for libellant.

H. B. Galbraith, of Brownsville, Tex., for claimant.

HANNAY, District Judge.

On or about September 21, 1945, in Cameron County, Texas, claimant, Thomas Lynn Gilbreath, was arrested while driving one 1941 Ford sedan, motor No. 18—6299544. The United States Customs Officers at Brownsville seized said automobile, and on November 13, 1945, had libel of information. On the same day monition was issued and delivered to the Deputy United States Marshal, and on November 15, 1945, claimant filed his petition herein. On November 29, 1945, monition was returned and filed, showing same to have been executed by the Brownsville Herald on November 19, 1945. Claimant filed an answer in this cause on December 17, 1945, the date of the trial hereof.

The pertinent facts in the case appear to be that claimant and a companion who worked for him as a "bouncer" in his beer tavern in Tarrant County, Texas, near Fort Worth, came to Brownsville a few days prior to September 21st. They came to Brownsville together, bringing no luggage and no extra clothes—only the clothes they were wearing. They registered under false names at a tourist court, the companion doing the registering as the claimant can neither read nor write. They occupied a room at the tourist court for several days, paying cash each day for their room rent. They crossed into Mexico repeatedly during the several days prior to September 21, 1945, eating and drinking together, apparently using a common purse. Claimant's companion was a former soldier who had been stationed at Fort Brown, in Brownsville, Texas.

On the day of claimant's arrest in the United States, his companion was arrested in Matamoros, Mexico, by the Mexican authorities. When arrested he was sitting on the banks of the Rio Grande, opposite Fort Brown, where the river is very shallow, and at the time he had taken off his shoes and socks. He had in his possession a paper bag containing marihuana. Claimant's companion was taken to the banks of the Rio Grande by claimant, in the car in question, immediately prior to his (the companion's) arrest.

Immediately after claimant's arrest, a search was made of his car. Marihuana was not then discovered, due probably to the fact that the search was made at night at a place where the premises were not well lighted. Later, another and more thorough search was made, and a considerable amount of marihuana seed was found on the floor of the 1941 Ford sedan involved herein.

From the surrounding facts and circumstances, I am of the opinion that not only did claimant know of the presence of marihuana in his car, but that it had been placed there with his knowledge and consent, and that the same had been brought into the United States by claimant. It, therefore, follows that the claim of claimant should be denied, and that libellant's claim for forfeiture should be and is hereby allowed.

Let decree be drawn in accordance with this opinion.

The clerk will notify counsel.

This Opinion is adopted as Findings of Fact and Conclusions of Law, and the Clerk will file same.